IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03181-DDD-SBP

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.

REVEN HOLDINGS, INC., d/b/a Reven Pharmaceuticals;
REVEN PHARMACEUTICALS, INC.;
BRIAN D. DENOMME;
PETER B. LANGE; and
MICHAEL A. VOLK,

Defendants, and

REVEN, LLC;
REVEN IP HOLDCO, LLC;
REVEN ONCOLOGY LICENSING, LLC; and
HEALTH ANALYTICS AND RESEARCH SERVICES, LLC,

      Relief Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO STAY PENDING APPEAL**

---

**Susan Prose, United States Magistrate Judge**

This matter is before the court on Defendants' Motion to Stay (ECF No. 153) this case pending their interlocutory appeal of the Order Granting Plaintiff's Motion for Preliminary Injunction and Asset Freeze (ECF No. 122, as modified by ECF Nos. 137, 156). This court assumes familiarity with those Orders. Judge Domenico denied the portion of the Motion to Stay that concerned the asset freeze, and he referred to this court the remainder. Defendants seek "to stay further discovery, pretrial deadlines and trial in this case while their appeal is pending." ECF

No. 156 at 19 n.11; *id*. at 22. The Plaintiff U.S. Securities and Exchange Commission ("SEC") opposes a stay. ECF No. 155. Defendants have replied. ECF No. 157. For the following reasons, the court DENIES the Motion to Stay.

I.   Legal Standards

Under longstanding Tenth Circuit precedent, "[a]n appeal from an interlocutory order denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the underlying action on the merits." *Pinson v. Pacheco*, 424 F. App'x 749, 754 (10th Cir. 2011) (citing *Colo. v. Idarado Mining Co.,* 916 F.2d 1486, 1490 n. 2 (10th Cir. 1990)).[1] "[A]lthough a district court may not amend or make findings on an injunction during the pendency of an appeal, the court may proceed with the litigation and permit discovery, enter rulings on summary judgment, or hold a trial on the merits." *Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2009 WL 1384166, at *2 (D. Colo. May 15, 2009) (discussing *Fairchild Semiconductor Corp. v.*

---

[1] Recently, in deciding that a stay is mandatory pending interlocutory appeals under § 16(a) of the Federal Arbitration Act, the Court found the issue was resolved by *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982), which held that "an interlocutory appeal divests the district court of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (cleaned up). The Court further noted that "when Congress wants to authorize an interlocutory appeal, but *not* to automatically stay district court proceedings pending that appeal, Congress typically says so." *Id*. at 744 (emphasis original). The dissenting opinion in *Coinbase* worries that this reasoning could be applied to other interlocutory appeals, including the one at issue here. *Id*. at 760–61 (discussing appeals from preliminary injunctions under 28 U.S.C. § 1292(a)(1)).

Because most of the cases cited herein pre-date *Coinbase*, for clarity's sake this court notes that the *Griggs* principle does not decide the issue here. Unlike § 16(a) of the FAA, 28 U.S.C. § 1292(a)(1)—the statute authorizing Defendants' interlocutory appeal here—was enacted in its current form well before *Griggs*. *See* Pub. L. 85-919, 72 Stat. 1770, Sept. 2, 1958. In addition, as the *Coinbase* dissent notes, the majority's *Griggs* reasoning is limited to § 16(a) of the FAA. *Coinbase*, 599 U.S. at 760-61.

*Third Dimension (3D) Semiconductor, Inc.,* Case No. 2009-1168, 2009 WL 790105, * 1 (Fed. Cir. Mar. 25, 2009)).

While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). With respect to discovery in particular, Rule 26(c) also permits the court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In this case, the parties dispute the proper standards for evaluating Defendants' request to stay the case while they appeal from the preliminary injunction. Defendants argue for the application of the standards set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). *String Cheese* establishes five factors that this court considers on motions to stay discovery pending dispositive motions: 1) "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest." *Id*. at *2. In support, Defendants cite *Sanchez v. City & Cnty. of Denver*, Colo., No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 n.3 (D. Colo. Feb. 26, 2020) (denying motion to stay discovery pending motion to dismiss); *Atl. Richfield Co. v. NL Indus. Inc.*, No. 20-cv-00234-

NYW-KAS, 2023 WL 5333756, at *12 n.15 (D. Colo. Aug. 18, 2023) (applying *String Cheese* in staying the case pending interlocutory appeal on partial summary judgment, but the appeal was not yet filed); and *Kenney v. Helix TCS, Inc.*, No. 17-cv-01755-CMA-KMT, 2018 WL 722458, at *3-4 (D. Colo. Feb. 5, 2018) (applying *String Cheese* in staying discovery pending interlocutory appeal on denial of motion to dismiss). Defendants devote their entire reply to arguing that *String Cheese* applies and that this court should grant the Motion to Stay because the SEC does not address those factors. *See* ECF No. 157 (Reply).

The SEC argues to the contrary that the factors of *Nken v. Holder,* 556 U.S. 418 (2009), apply because the underlying reason for the request is an appeal. *Nken* reiterates the four "traditional stay factors" for motions to stay an order pending appeal thereof:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). *See also* ECF No. 156 at 19-21 (applying *Nken* in declining to stay the asset freeze). In support, the SEC cites *Estate of Simon by and through Simon v. Van Beek*, No. 21-cv-01923-CNS-GPG, 2023 WL 1768548, at *3 (D. Colo. Jan. 3, 2023) (holding that "[t]he analysis changes [from *String Cheese*] when there is a motion for a stay pending an appeal," and applying *Nken* in declining to stay discovery pending interlocutory appeal of denial of motion to dismiss). The SEC also cites *Cupat v. Palantir Techs., Inc.*, No. 22-cv-02384-CNS-SKC, 2023 WL 2585298, at *1 (D. Colo. Mar. 21, 2023) (noting the factors for a stay "differ based on the underlying nature of the request,"

citing *String Cheese* with respect to motions to stay discovery, *Nken* for motions to stay pending appeal, and *Landis* for requests to stay "pending resolution of an issue in a separate action").

As reflected in the parties' competing citations, the caselaw in this District is somewhat unsettled concerning the factors that guide the court's exercise of discretion on motions seeking to stay a case—when at least some discovery remains to be completed—pending an interlocutory appeal of a preliminary injunction. The cases the parties cite do not expressly address this issue. *Kenney,* for instance applies *String Cheese* where the defendant appealed the denial of a *motion to dismiss*, but this does not imply the same is true for appeals from a preliminary injunction. After all, the classic circumstance in which *String Cheese* applies is a motion to stay discovery pending a decision on a motion to dismiss. *See String Cheese*, 2006 WL 894955, at *1-2. And *Simon* (a more recent case) appears to come to the opposite conclusion as *Kenney*, because *Simon* applies *Nken* in denying a motion to stay pending an appeal from the denial of a motion to dismiss. *Simon*, 2023 WL 1768548, at *1.

Meanwhile, *Atlantic Richfield* applies the *String Cheese* factors to a request for stay pending appeal, but the interlocutory appeal (a) was not from an order on preliminary injunctive relief and (b) was not yet filed. *Atl. Richfield,* 2023 WL 5333756, at *12 n.15. The Tenth Circuit had discretion whether to accept the appeal at all. *Id*. at *13. And while *Cupat* notes *String Cheese* applies to stays of discovery and *Nken* applies to motions to stay pending appeals, this does not answer which case applies when there is *both* discovery remaining to be done and a pending appeal. 2023 WL 2585298, at *1.

This court also notes that in *Robertson v. REP Processing LLC*, although the parties argued the *String Cheese* factors on a motion to stay pending interlocutory appeal (on denial of

5

reconsideration of a motion to compel arbitration), Chief Judge Philip A. Brimmer found the motion "more properly reviewed under . . . *Nken*." No. 19-cv-02910-PAB-NYW, 2021 WL 5354713, at *3 (D. Colo. Oct. 12, 2021). As the ruling occurred at the outset of the case, discovery of course remained to be done at the time.

This court has found only one case from this District addressing this precise issue: Chief Magistrate Judge Michael E. Hegarty's order denying such a motion in *Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2009 WL 1384166, at *2 (D. Colo. May 15, 2009). Judge Hegarty cited two cases for the proposition that the court has broad discretion to stay proceedings (*Landis* and *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)), and noted that "a stay of all discovery is generally disfavored in this District." *Id*. (citing *Chavez v. Young Am. Ins. Co.*, No. 06-cv-2419-PSF-BNB, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007)). *Chavez* in turn cites *String Cheese* and applies the same factors it adopted from *Federal Deposit Ins. Corp. v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). *Conkleton* then simply concluded "that judicial economy and the lack of prejudice to Defendants weigh against staying the litigation in this matter" and denied the stay. 2009 WL 1384166, at *2.

In another case, *Bray v. QFA Royalties, LLC*, No. 06-cv-02528-JLK, 2007 WL 2688858, (D. Colo. Sept. 12, 2007), Judge Kane did not cite any particular factors or legal authority, but simply found in that case "the most prudent approach" was to stay the case because "the Tenth Circuit's determination of the legal issues inherent in my preliminary injunction decision will edify further proceedings on those same Plaintiffs' claims for permanent injunctive relief." *Id*. at *1.[2]

---

[2] The court has located one other case in which a stay was entered pending appeal from an order

In the end, the presence of an actually-filed, interlocutory appeal changes the nature of the request for a stay, even when discovery remains to be done. Instead of merely raising the uncertainty of whether the district court may grant a motion, the district court here has already issued an order. While the traditional stay factors of *Nken* most directly concern a request to stay the order under appeal—and here the request is instead to stay the case while the order is appealed—the *Nken* factors are more adapted to assessing these circumstances than the *String Cheese* factors. Thus, like *Robertson* and *Simon*, this court finds that even when discovery remains to be done, a request to stay the case pending an appeal is governed by the *Nken* factors.

That said, *Simon* notes that the *Nken* and *String Cheese* factors overlap enough that the court could rule despite the parties having argued only on the basis of *String Cheese*. *Id.* at *2 n.3. *Robertson* likewise ruled on the motion to stay, despite the movant having done the same. 2021 WL 5354713, at *1. *Cf. Montoya v. City & Cnty. of Denver*, No. 16-cv-01457-JLK, 2021 WL 8087380, at *1 n.2 (D. Colo. July 27, 2021) (questioning whether a *non-appealing* defendant could rely on *Nken* for a stay, pending its co-defendants' interlocutory appeal, but finding "[t]he most pertinent factors of the *Nken* and *String Cheese* standards overlap," and that "the outcome would be the same applying either set of factors"). The main difference is that *Nken* requires Defendants to make a "strong showing that [they are] likely to succeed" on the merits of their appeal. *Nken*, 556 U.S. at 426. Under *String Cheese*, the merits of the underlying motion are not

---

on preliminary injunctive relief: *Grace Bible Fellowship v. Polis*, 694 F. Supp. 3d 1338, 1345 (D. Colo. 2023), *judgment entered,* No. 20-cv-02362-DDD-NRN, 2023 WL 3240473 (D. Colo. Apr. 7, 2023), and *aff'd,* No. 23-1148, 2024 WL 1340201 (10th Cir. Mar. 29, 2024). The underlying order staying the case does not provide reasoning for its conclusion. *See* No. 20-cv-02362-DDD-NRN, ECF No. 82 (slip op.) (D. Colo.).

considered. 2006 WL 894955, at *2.

II.     *Analysis*

Turning to the application of the four *Nken* factors in this case, Judge Domenico has already found that Defendants fail to make a strong showing that they are likely to succeed on appeal. ECF No. 156 at 20.

Defendants have also not shown they will be irreparably injured if the case is not stayed. The SEC states that "[t]he remaining discovery at this stage is minimal. There is one deposition left, and the parties have worked to narrow the timeframe and scope of the outstanding documents and written discovery." ECF No. 155 at 11 (footnote omitted). The SEC further notes that it has agreed to narrow the discovery that is the primary focus of Defendant's Motion to Stay. *Id.* at 11 n.2; *see* Motion to Stay at 5-6. At the time Defendants filed the Motion to Stay, only one month remained in the fact discovery period. *See* ECF No. 122 (reflecting discovery cutoff of July 25, 2024).

It is true that requiring the parties to proceed to expert disclosures and expert discovery will likely mean that both sides must invest significant time and resources in that activity, and the same is even more true as to potential motions for summary judgment and trial. But Defendants' appeal concerns only the preliminary injunctive relief that the court granted, it will not resolve any claims in this case. Nor is this court persuaded that the issues in the preliminary injunction are likely to result in the Tenth Circuit establishing any new legal standards for the claims or defenses. As for Defendants' argument that they would be harmed because a motion for appointment of a liquidating agent was pending, that motion is no longer pending. *See* ECF No. 156. Defendants' argument that they would be harmed by a "debilitating asset freeze" has

also since been addressed, when Judge Domenico modified the scope of the freeze. *See id.*

This court does not see that other interested parties will be substantially injured in the absence of a stay, or that the public interest weighs in favor of a stay. In their Motion, Defendants do not appear to identify any interested parties other than investors. And this court is persuaded by the SEC's response brief, which explains that the interests of Defendants' investors (and the public interest more generally) are served by this case proceeding on the merits expeditiously. Defendants counter that the public interest lies in not wasting judicial resources, and that the Tenth Circuit's decision "may clarify and streamline the claims at issue in this case on remand." Motion to Stay at 8 (citing inter alia, *Garcia v. Adams Cnty.*, No. 16-cv-1977-PAB-NYW, 2017 WL 951156, at *4 (D. Colo. Mar. 8, 2017)). But *Garcia* concerned a motion to partially stay discovery pending a motion to dismiss. *Id*. at *2. As a *dispositive* motion, it was thus likely to "clarify and streamline the claims." *Id*. at *4. The same is not true of a preliminary injunction order, or at least, Defendants have not shown it to be true with respect to the order in this case. Nor does this court see any judicial economy in staying the case at present.

III.   Conclusion

Accordingly, Defendants' Motion to Stay this case is respectfully DENIED. If the parties believe that an extension of the current deadlines is necessary, they shall confer and file a motion for extension within fourteen (14) days of the filing of this order.[3]

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver

DATED:  August 7, 2024                                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").