IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03181-DDD-SBP

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.

REVEN HOLDINGS, INC. d/b/a REVEN
PHARMACEUTICALS, REVEN
PHARMACEUTICALS, INC., BRIAN D.
DENOMME, PETER B. LANGE, and MICHAEL A.
VOLK,

      Defendants,

and

REVEN, LLC, REVEN IP HOLDCO, LLC, REVEN
ONCOLOGY LICENSING, LLC and HEALTH
ANALYTICS & RESEARCH SERVICES, LLC,

      Relief Defendants.

---

**PLAINTIFF SECURITIES EXCHANGE COMMISSION'S OPPOSITION TO
DEFENDANTS' MOTION TO MODIFY ASSET FREEZE TO PERMIT
LITIGATION FINANCING TRANSACTION [DOC. 193]**

---

Plaintiff Securities and Exchange Commission ("SEC") opposes Defendants Peter Lange, Brian Denomme, Michael Volk, Reven Pharmaceuticals, Inc., and Reven Holdings, Inc.'s ("Defendants") Motion to Modify Asset Freeze to Permit Litigation Financing Transaction ("Motion"). Doc. 193. Defendants' Motion seeks to encumber the potential proceeds of a takings claim[1] that certain Reven entities (the "Reven Plaintiffs")[2] have filed against the United States (the "Takings Case") and which, if successful, would compensate the Reven Plaintiffs for this Court's entry of an asset freeze and preliminary injunction against Defendants.

Defendants ask the Court for a modification of the freeze so "Defendant Reven Holdings, Inc. d/b/a Reven Pharmaceuticals may engage in a litigation financing transaction" that would pay for the Reven Plaintiffs' legal counsel in the Takings Case and defense costs in this case. *See* Docs. 193, ¶ 6 & 193-2. However, Defendants do not submit the proposed financing agreement for the SEC or the Court to assess possible harm to investors, conflicts of interest, or other issues that are associated with third-party litigation funding arrangements. Proceeding this way would depart from the Court's careful practice of requiring Defendants to present specific transactions for the Court to assess before it permits a modification to the freeze that will encumber an asset and risk harm to investors. To date, this Court has taken a measured and case-by-case approach to approving modifications to the asset freeze. For example, when approving a modification of

---

[1] The allegations in the takings case now pending in the Court of Federal Claims relate to the SEC requesting a Court order imposing a preliminary injunction and asset freeze on Defendants in the above captioned case. *See Reven Holdings, Inc. v. United States*, Case No. 24-1353, ECF No. 1 (Fed. Cl. Aug. 3, 2024).

[2] Reven IP HoldCo LLC, Reven Holdings, Inc., and Reven, LLC have sued the United States for "Fifth Amendment just compensation" arising out of the imposition of the asset freeze in the instant matter. The Reven Plaintiffs are different from Defendants, since Reven IP HoldCo LLC and Reven, LLC are not defendants in this case.

1

the asset freeze to allow the sale of Volk's home, the Court permitted the sale, but only as it complied with specific terms outlined in an *actual* term sheet with the *actual* seller who purchased the property. Docs. 116 & 117 (Volk's request to sell lake house). The Court did not approve a hypothetical sale with an unknown seller or a sale that complied with generic terms. *Id.* The Court should deny Defendants' request to permit a transaction when Defendants have not presented any transaction for the SEC or the Court to review.[3]

## CONCLUSION

For the reasons outlined above, the Court should deny Defendants' request to modify the asset freeze to allow Defendants to enter a hypothetical third-party litigation financing transaction.

Dated: January 9, 2026.

Respectfully submitted,

By: *s/ Sharan E. Lieberman*

Sharan E. Lieberman
Zachary T. Carlyle
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
Telephone: 303-844-1036 (Lieberman)
303-844-1084 (Carlyle)
303-844-1000 (Main)
Email: liebermans@sec.gov
carlylez@sec.gov
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

---

[3] Should Defendants present a specific financing agreement, the SEC anticipates it may have additional objections and reserves its right to raise those objections at that time.